UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-00001-DCR-EBA-1

UNITED STATES OF AMERICA,                                                PLAINTIFF,

V.                  **REPORT AND RECOMMENDATION**

JEROME E. FRANKLIN,                                             DEFENDANT.

*** *** *** ***

The defendant previously filed a motion requesting the Court to order an examination and assessment of the Defendant, Jerome E. Franklin, to aid the Court in determining his competency to stand trial. In response, the Court granted his motion and directed that a custodial evaluation pursuant to 18 U.S.C. §§ 4241 and 4247 be conducted by an evaluator with the Bureau of Prisons. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist. Mr. Franklin's treatment period was extended twice by Judge Danny C. Reeves, following correspondence from the Warden of MCFP Springfield, requesting a 120-day extension for Mr. Franklin's mental health evaluation and treatment pursuant to 18 U.S.C. § 4241(d)(2)(A). [*See* R. 48; R. 52]. On December 12, 2025, the Court received a third competency report. Therein, the evaluator opines that Mr. Franklin is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, to address the issue of current competency. At the hearing, the parties appeared with counsel, and stipulated to admissibility of the Reports, to the Reports' findings, and to the evaluator's qualifications.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See United States v. Dusky*, 80 S. Ct. 788, 789 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure). Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g., Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Mr. Franklin's history, behavior, course of evaluation, and testing performance. The evaluator personally observed Mr. Franklin during

direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Mr. Franklin's history, condition, and circumstances. The evaluators found that Franklin suffered from Schizoaffective Disorder, Depressive Type and Posttraumatic Stress Disorder. While these conditions may result in cognitive deficits, they were not considered severe enough to result in a diagnosis of cognitive impairment. In addition, the evaluators opined that Mr. Franklin was aware of the charge he is facing and could describe the events leading to his arrest in a clear and coherent manner. He recalled the name of his attorney and described him in a positive light. In conclusion, the evaluators stated that Mr. Franklin has been restored to competency, and that he has a factual and rational understanding of the legal system and can assist properly in his defense.

At the hearing, Mr. Franklin was placed under oath and questioned by the Court regarding his desire to stipulate to the findings and conclusions of the competency report. Mr. Franklin confirmed that he had consulted with counsel and reviewed the report with his attorney. He was informed of the effect of finding him competent to proceed and thereafter stipulated to the findings and conclusions in the report. Defense counsel provided no observations to conflict with either Franklin's stipulation or the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

In conclusion, the Court finds no evidence to support a conclusion that Mr. Franklin is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Mr. Franklin can understand the nature and consequences of the proceedings and can assist properly in his

defense. Therefore, the Court **RECOMMENDS** that Defendant Jerome E. Franklin be found competent to face further proceedings, to include trial, in this matter.

*** *** *** ***

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. The parties are further informed that failure to object per Rule 59(b) waives a party's right to seek further review.

Signed February 20, 2026.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge